868 A.2d 1141 (2005)
376 N.J. Super. 16
STATE of New Jersey, Plaintiff-Respondent,
v.
Justin B. CANNARELLA, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 2005.
Decided March 14, 2005.
Yvonne Smith Segars, Public Defender, attorney for appellant (Susan Green, Acting Deputy Public Defender II, of counsel and on the brief).
Wayne J. Forrest, Somerset County Prosecutor, attorney for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, COBURN and WECKER.
The opinion of the court was delivered by
COBURN, J.A.D.
The issue presented is whether simple assault is elevated by the Code of Criminal Justice to aggravated assault when the victim is employed at a private school. Our answer is no. Although the statute is somewhat ambiguous, its history and structure demonstrate that the Legislature had no intention of extending to private school employees the enhanced protection it provided for public school employees by elevating simple assault to aggravated assault in that public setting.
The indictment charged Justin Cannarella with third degree aggravated assault for "purposely or knowingly caus[ing] bodily injury to . . . a teacher at Lord Stirling School while acting in the performance of his duties, contrary to the provisions of N.J.S.A. 2C:12-1b(5)(d)." This law states that a person is guilty of aggravated assault if he commits a simple assault on
[a]ny school board member, school administrator, teacher, school bus driver or other employee of a school board *1142 while clearly identifiable as being engaged in the performance of his duties or because of his status as a member or employee of a school board or any school bus driver employed by an operator under contract to a school board while clearly identifiable as being engaged in the performance of his duties or because of his status as a school bus driver[.]
[Ibid.]
Cannarella promptly moved for dismissal of the indictment on the ground that Lord Stirling School, which the State stipulated is a private institution, is outside the statute. After the trial court entered an order denying the motion, Cannarella pled guilty and was sentenced to probation under an agreement with the State preserving his right to challenge the order and judgment on appeal. We reverse both.
The statute, N.J.S.A. 2C:12-1b(5)(d), was based on N.J.S.A. 2A:90-4, which made assault and battery a high misdemeanor when it was committed on police officers, firefighters, or certain medical emergency personnel engaged in their duties. In Volume II of the Final Report of the New Jersey Criminal Law Revision Commission, the Commission noted that it was recommending continuance of "the policy now expressed in [N.J.S.A.] 2A:90-4 of upgrading certain simple assaults to aggravated assaults because of the status of the person assaulted as a public official." Id. at 178; Cannel, New Jersey Criminal Code Annotated, comment 10 on N.J.S.A. 2C:12-1 (2004).
As originally enacted, subsection b(5) covered only police, firefighters, and emergency first-aid personnel. L. 1979, c. 178, § 22; N.J.S.A. 2C:12-1b(5)(a), (b), and (c). In 1983, the Legislature decided to include school board employees, defining this category in subsection (5)(d) as
[a]ny school board member or school administrator, teacher or other employee of a school board while clearly identifiable as being engaged in the performance of his duties or because of his status as a member or employee of a school board.
[L. 1983, c. 101, § 1; Bill No. A-564.]
As the Legislative History Checklist for Bill A-564 indicates, the Legislature expressly adopted subsection (5)(d) in response to two reports, one entitled "REDUCING VIOLENCE, VANDALISM AND DISRUPTION IN THE SCHOOLS," which was "A Special Report to the New Jersey State Board of Education by the N.J. Task Force on Reducing Violence and Vandalism," issued in May 1979 by the Department of Education; and the other entitled "FINAL REPORT OF THE JUVENILE TASK FORCE ADVISORY COMMITTEE ON `SCHOOL VIOLENCE, VANDALISM, ALTERNATIVE SCHOOLS,'" issued in January 1981 by the Assembly Judiciary, Law, Public Safety and Defense Committee. Both reports were concerned solely with public schools, and Recommendation 28 of the former and Section 16 of the latter expressly indicate in identical language that they are concerned specifically with the situation of a simple assault being committed "as a result of the victim's relationship to an institution of public education. . . ."
When the Legislature intends application of a statute to both public and private schools, it generally does so explicitly. For example, corporal punishment is forbidden by this language: "No person employed or engaged in a school or educational institution, whether public or private, shall inflict. . . corporal punishment upon a pupil. . . ." N.J.S.A. 18A:6-1 (emphasis added). As one other example we take note of N.J.S.A. 26:3D-17, which *1143 addresses the issue of smoking in schools in the following language:
a. The appropriate governing body, board or individual responsible for or who has control of the administration of a school, college, university, or professional training school, either public or private, except the board of education of a school district, shall make and enforce suitable regulations controlling the smoking of tobacco on their premises, . . . .
b. The board of education of each school district shall make and enforce regulations to prohibit the smoking of tobacco anywhere in its buildings or on school grounds, except as part of a classroom instruction or a theatrical production.
[(Emphasis added.)]
A few points are worth noting respecting this statute. First, the Legislature used the phrase "board of education" to refer solely to public schools. Second, when the rule is meant to apply to private schools, the phrase employed is "public or private."
In State v. Valentin, 105 N.J. 14, 519 A.2d 322 (1987), after noting the "doctrine that penal statutes must be strictly construed[,]" id. at 17, 519 A.2d 322, the Court amplified that statement by adding this:
Penal laws cannot be extended by implication or intendment. Where more than one reasonable interpretation may be made, or where the language is ambiguous  and the ambiguity is not manufactured by the defendant  the construction must be drawn against the state.
[Id. at 18, 519 A.2d 322 (citations omitted).]
And in In re Suspension of DeMarco, 83 N.J. 25, 414 A.2d 1339 (1980), the Court observed that when construing a provision of a criminal statute a court is obliged to consider "related provisions" and "the reality to which the provision is to be applied." Id. at 37, 414 A.2d 1339.
The related provisions of subsection (5)(d) are almost exclusively concerned with employees in the public service, and the reality which the Legislature was addressing was violence in public schools, not violence in schools in general. Since the State's position in this case can be supported only by a strained reading of subsection (5)(d), a reading entirely inconsistent with the history leading up to its adoption, we are obliged to hold that it is limited to public school employees with one exception; namely, a "school bus driver employed by an operator under contract to a [public] school board. . . ." N.J.S.A. 2C:12-1b(5)(d).
Reversed.