891 A.2d 609

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. JUSTIN
B. CANNARELLA, DEFENDANT–RESPONDENT.

Argued January 3, 2006—Decided January 31, 2006.

*Johanna Barba Jones,* Deputy Attorney General, argued the cause for appellant (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

*Shara D. Saget,* Assistant Deputy Public Defender, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney; *Susan Green,* Acting Deputy Public Defender, II on the letter in lieu of brief).

PER CURIAM.

On this appeal, we have been asked to interpret *N.J.S.A.* 2C:12–1(b)(5)(d), the statute that elevates the disorderly persons offense of simple assault to third-degree aggravated assault when committed upon "[a]ny school board member, school administrator, teacher, school bus driver, or other employee of a school board. . . ." More particularly, the question is whether an assault on a private school teacher falls within that enhancing statute. The Appellate Division, applying well-established canons of statutory interpretation and relying on context and legislative history, answered that question in the negative. We agree with that conclusion, and affirm substantially for the reasons expressed in Judge Coburn's thorough and thoughtful opinion.

We add these comments. The State's reliance on *State v. Ivory*, 124 *N.J.* 582, 592 *A.2d* 205 (1991), which interpreted *N.J.S.A.* 2C:35–7 to include private schools, is misplaced. That statute criminalizes drug sales and possession on "any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board." *N.J.S.A.* 2C:35–7. The reason that definition sweeps in private schools is that the statute uses the broadly inclusive phrase "school property . . . which is owned by or leased to *any* school or secondary school *or* school board." *Ibid.* (emphasis added). That is not the language before us.

The State's public policy arguments regarding why *N.J.S.A.* 2C:12–1(b)(5)(d) should apply to all teachers, private and public, are compelling. Indeed, many of the concerns expressed about the reining in of violence in public schools are equally applicable in the private school setting. Among our sister states that have adopted enhanced sentencing penalties for assaults on teachers, the majority protect private school teachers as well.[1] Although

---

[1] *See, e.g., Minn.Stat.* § 609.2231 (making it gross misdemeanor to assault "teachers, school administrators, and other employees of a public or private school"); *Ohio Rev.Code Ann.* § 2903.13 (making it fifth-degree felony to assault

we are constrained by the language employed in *N.J.S.A.* 2C:12–1(b)(5)(d) from reaching that conclusion here, we commend this issue for consideration by the Legislature.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.

school teacher or administrator who is either "employed in the public schools of this state . . . [or] employed by a nonpublic school for which the state board of education prescribes minimum standards"); 18 *Pa. Cons.Stat.* § 2702 (making it aggravated assault to intentionally injure "a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school"); *S.C.Code Ann.* § 16–3–612 (making it misdemeanor to commit assault on teachers affiliated with "a public or private school"); *Va.Code Ann.* § 18.2–57 (making it class one misdemeanor to commit battery on "teacher, principal, assistant principal, or guidance counselor of any public or private elementary or secondary school").