903 A.2d 1116

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. V.R., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 15, 2006—Decided August 14, 2006.

Before Judges STERN, GRALL and HUMPHREYS.

*John A. Young, Jr.* argued the cause for appellant (*Willis & Young,* attorneys; *Kathleen M. Theurer,* on the brief).

*Joie Piderit,* Deputy Attorney General, argued the cause for respondent (*Zulima V. Farber,* Attorney General, attorney; *Ms. Piderit,* on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Defendant was indicted on two counts of endangering the welfare of a child, *N.J.S.A.* 2C:24–4b(3) (count one) and *N.J.S.A.* 2C:24–4a (count two).[1] The trial judge presented count one as a second-degree crime because she found the State did not prove that defendant was "a parent, guardian or other person legally charged with [the victim's] care or custody." *N.J.S.A.* 2C:24–4b(3). The judge also submitted count two only as a lesser-included fourth-degree offense of possession of pornography. *N.J.S.A.* 2C:24–4b(5)(b). The jury was also instructed that it did not have to consider the fourth-degree crime if it found defendant guilty of the second-degree offense.[2]

---

[1] A copy of the indictment is not included in the appendix as required by *R.* 2:6–1(a)(1)(B). We have obtained a copy of the indictment.

[2] In her instructions to the jury, the judge explained that "[o]riginally we had the endangering the welfare of a child, first degree and second degree. Now the two lesser included offenses are endangering and endangering, fourth degree." She subsequently stated, "Those are separate lesser included offenses and they are separate issues that you have to determine ... you will look at the first which is the second degree count of endangering. If you find the Defendant guilty, you don't go to the next Count; if you find him not guilty, you go to the next Count which is a fourth degree charge of endangering...."

Defendant was convicted of second-degree endangering, *N.J.S.A.* 2C:24–4b(3), and sentenced to the custody of the Commissioner of Corrections for five years. On this appeal, defendant argues that "the court below erred and committed reversible error in failing to charge the jury regarding the definition of 'cause or permit' as stated in *N.J.S.A.* 2C:24–4b." We reverse the conviction.

For purposes of our decision, we will accept the statement of facts embodied in the State's brief:

Sixteen year-old Alisa K.[3] lived in a small one bedroom apartment in Ocean Township with her mother, Svetlana K., defendant, and Alisa's half-brother. Defendant was Svetlana's boyfriend and the father of Alisa's brother.

On December 8, 2003, Alisa woke up and dressed for school. She reached under her bed for her hair dryer and found a video camera. She briefly viewed the contents of the camera and saw that it contained a video of her naked in the shower. Unsure of what to do, Alisa took the video camera to school with her. During her first class, Alisa realized that someone had been videotaping her nude and began crying hysterically. Alisa was sent to the nurse's office where she informed school officials of the video. Svetlana was summoned to pick up Alisa at school and the police were notified.

Alisa's mother, Svetlana, responded to the school and escorted Alisa home. Alisa and Svetlana watched the videotape which was in the camera and observed a film of Alisa sleeping with her shirt partially open, exposing her bare breasts.

Officer Michael Clancy met with Svetlana who gave consent to search the apartment. Officer Clancy recovered the video camera which Alisa had found under her bed from the front closet. The front of the camera was covered in black tape which concealed the metallic finish on the camera and a red light which illuminated when the video camera was recording. Officer Clancy recovered a receipt which indicated that defendant had purchased the camera on April 21, 2001. Additional videotapes were recovered in the video case and by the television.

The videotapes that were recovered contained footage of Alisa over a three year period, beginning when Alisa was thirteen. The video tapes showed Alisa sleeping, dressing and undressing, bathing and attending to her personal needs. There were numerous close-up segments of Alisa's genitals while she slept clothed only in her underwear. The video camera often zoomed in focused on Alisa's breasts and buttocks as she slept. The video tapes also contained clips of a topless dancer interspersed with video of Alisa.

Alisa denied having any sexual contact with defendant. Alisa stated that she was unaware that defendant was filming her while she was sleeping and in the shower.

---

[3] The name of the victim is fictitious. *See N.J.S.A.* 2A:82–46a.

> Alisa was shocked when she discovered that defendant had been filming her and she thought it was "weird."
>
> Defendant was arrested later that evening when he returned home from work. Alisa's black underpants were recovered from defendant's pocket upon his arrest. [Citations omitted.]

*N.J.S.A.* 2C:24–4b(3), the statute under which defendant was convicted, provides in relevant part:

> A person commits a crime of the second degree if he *causes or permits* a child to engage in a prohibited sexual act or in the simulation of such an act if the person knows, has reason to know or intends that the prohibited act may be photographed, filmed, reproduced, or reconstructed in any manner, including on the Internet, or may be part of an exhibition or performance.
>
> (Emphasis added.)

The statute also makes it a first-degree crime "[i]f the [actor] is a parent, guardian or other person legally charged with the care or custody of the child." *N.J.S.A.* 2C:24–4b(3).

■ Defendant does not deny that he surreptitiously photographed, filmed or videotaped a child while naked or nude, or for self-gratification, or that "[n]udity, if depicted for the purpose of sexual stimulation or gratification of any person who may view such depiction" is a "[p]rohibited sexual act." [4] *See N.J.S.A.* 2C:24–4b(1)(i). However, he asserts that he did not "cause or permit" the victim to perform a prohibited sexual act or the simulation of one. Stated differently, defendant does not deny that he filmed the child while she was nude in bed and in the shower, but defendant complains that the court declined to instruct the jury on the meaning of the phrase "cause or permit" as embodied in *N.J.S.A.* 2C:24–4b(3). The issue before the jury was whether defendant "cause[d] or permit[ted] [Alisa] to engage in a prohibited sexual act or in the simulation of such an act." *See N.J.S.A.* 2C:24–4b(3).

Defendant insists that the words "cause or permit" were not properly charged and that "there is a strong possibility that [the

---

[4] In summation defendant argued that the jury should not "over-reach" and should "do justice"—"the right kind of justice [-] the kind you could be proud of" by convicting of the fourth-degree offense and not the second-degree offense.

jury] may have misapplied the facts of the case to the law."
Defendant also argues that "the lack of elaboration on the mean-
ing of 'cause or permit' within the statute does not negate the
necessity of explaining the meaning of vague or unclear wording
within a statute." Defendant further contends that the phrase
requires "an affirmative act on the part of the victim" and
"knowledge of the act's occurrence in order for the perpetrator to
permit her to engage in such behavior." Thus, according to
defendant, "a violation of [*N.J.S.A.* 2C:24–4b(3) ] is predicated on
an actor actively participating in creation of the prohibited behav-
ior; or alternatively the victim engaging in the prohibited sexual
act voluntarily or having knowledge of the behavior and acquiesc-
ing." [5]

We are constrained to reverse the conviction. The proofs do
not suggest that defendant asked, caused, requested, or permitted
A.K. to do any sexual act or simulation. According to *Black's Law
Dictionary,* 213 (7th ed.1999), a "cause" is "[s]omething that
produces an effect or result." *See also N.J.S.A.* 2C:2–3 (defining
the required "causal relationship between conduct and result").
To "permit" is "to consent to formally" or "to give opportunity for"
or "allow or admit of." *Black's Law Dictionary* at 1160.

*N.J.S.A.* 2C:24–4b(3) requires that the actor "cause or permit" a
minor "to engage in a prohibited sexual act or in the simulation of
such an act." As already noted, defendant does not contest that
he videoed Alisa in the bathroom and bedroom and while she was
naked and asleep, but there is no proof that he "cause[d] or
permit[ted]" Alisa to disrobe or lie nude.

---

[5] Before the trial judge, defense counsel argued that "[t]here is no way you
could hold in a factual setting of this case . . . that my client created or permitted
or . . . gave permission to her to do this," and that he did not "have anything to
do with that type of conduct." He asserted that the first count, even as amended
to second degree, "fails as a matter of law . . ." and also noted that, giving
"every inference the State could raise in the facts of this case," there was no
proof "that my client created or permitted or permitted, gave permission to her
to do this."

In finding that there is insufficient evidence to permit a conviction under *N.J.S.A.* 2C:24–4b(3), we are guided by the underlying principles of criminal law that "penal statutes are to be strictly construed" and that the meaning of such laws "cannot be extended by implication or intendment." *State v. Valentin,* 105 *N.J.* 14, 17–18, 519 *A.*2d 322 (1987); *see also, e.g., State v. Cannarella,* 376 *N.J.Super.* 16, 19, 868 *A.*2d 1141 (App.Div.2005), *aff'd o.b.,* 186 *N.J.* 63, 891 *A.*2d 609 (2006). The statute of which defendant was convicted does not prohibit, without more, the conduct in which he was engaged.

The State argues that it is the accused who has to know or have reason to know or intend that the prohibited act be photographed and that "knowledge of the prohibited sexual act by the [victim] ... is not required." It asserts that the legislative purpose behind *N.J.S.A.* 2C:24–4b(3) was to stop trafficking in child pornography and must be construed in light thereof. That all may be so, *see generally, State v. Sisler,* 177 *N.J.* 199, 203–206, 827 *A.*2d 274 (2003); *id.* at 211–16, 827 *A.*2d 274 (LaVecchia, J. dissenting), but *N.J.S.A.* 2C:24–4b(3), under which defendant was convicted, also requires the causing or permitting of a sexual act or its simulation as well as its filming.

We sympathize with the State's policy concerns, and do not conclude that defendant's conduct is not prohibited by another statute, including the fourth-degree crime presented to the jury in this case. See *State v. Sisler, supra.* In fact, it appears that defendant's conduct was proscribed by *N.J.S.A.* 2C:24–4b(4) which was not presented to the jury.[6] We hold only that the proofs do

---

[6] The judge declined to charge *N.J.S.A.* 2C:24–4b(4), which appears to cover defendant's conduct, because while there was "clearly a basis for the State to go forward on that," the judge did not consider that second-degree crime to constitute "a lesser included offense" and she saw "prejudice to the Defendant if [she] permitted the State to proceed on that alternate basis." The correctness of the trial judge's rulings on this issue and in not directing the jury to return a verdict on the fourth-degree crime has not been briefed or argued, and we, therefore, do not address these issues. *See generally, State v. Thomas,* 188 *N.J.* 137, 144–48, 902 *A.*2d 1185 (2006) (discussing the treatment of lesser included

not warrant the conviction of second-degree endangering the welfare of a child under *N.J.S.A.* 2C:24–4b(3) given its proper construction.

The State does not argue that we constitutionally can, or should, remand at this point for a trial on a lesser-included offense including the fourth-degree endangering which the jury was told it did not have to reach in light of its verdict. Accordingly, we do not comment on that issue.

The judgment of conviction is reversed.

HUMPHREYS, J.A.D. (Retired and temporarily assigned on recall), concurring.

I cannot fault the reasoning of the majority in Judge Stern's comprehensive opinion that the defendant's conviction for a violation of *N.J.S.A.* 2C:24–4b(3) is flawed because the defendant did not "cause" or "permit" the victim's nudity. Criminal statutes must be strictly construed. An accused cannot be convicted of violating a criminal statute if he did not commit the acts proscribed by that statute.

I write separately to emphasize that the reversal of this conviction does not necessarily mean that the defendant will escape justice. He committed heinous acts. He secretly videotaped a thirteen year old child while she was nude in the shower, asleep in bed and in the bathroom. He did this repeatedly over a period of three years.

He does not assert that he is innocent of any crime. His attorney asked the jury to convict the defendant of the fourth degree crime presented to the jury. See footnote 4 in the majority's opinion. Unfortunately, the trial judge told the jury that it should not return a verdict on the fourth degree crime if it

---

offenses when requested by the State, the defendant, and when no request is made, as well as "when the claim is made that the trial court should instruct the jury in respect of an offense that is related to, but not included within, the offenses charged in the grand jury indictment").

found the defendant guilty of the crime now under review by us. In view of the overwhelming evidence and defense counsel's concession, the jury, if it had not been so instructed by the trial judge, would certainly have found the defendant guilty of the fourth degree crime.

Furthermore, as pointed out in the majority's opinion, the defendant's conduct appears to violate another criminal statute. See page 347, 903 *A*.2d at 1119 of the opinion and footnote 6 on that page.

I agree with my colleagues that because issues involving double jeopardy and related legal principles have not been briefed or argued, we should not address what avenues might be properly available to the State in the pursuit of justice. However, I find nothing in the majority's opinion or in our failure to remand which forecloses the State from pursuing those avenues.