928 A.2d 33 (2007)
394 N.J. Super. 571
STATE of New Jersey, Plaintiff-Respondent,
v.
Daniel C. McALLISTER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted May 30, 2007.
Decided July 13, 2007.
*34 Yvonne Smith Segars, Public Defender, attorney for appellant (Joel M. Harris, Designated Counsel, of counsel and on the brief).
Thomas F. Kelaher, Ocean County Prosecutor, attorney for respondent (Patricia S. Toreki, Assistant Prosecutor, of counsel and on the brief).
Before Judges SKILLMAN, LISA and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether a conviction for the elevated first degree offense of endangering the welfare of a child by the production of pornography proscribed by N.J.S.A. 2C:24-4b(3), which requires the State to show that the defendant was a "parent, guardian or other person legally charged with the care or custody of the child," can be based on evidence that the defendant was a live-in boyfriend of the victim's mother who had a de facto parental relationship with the victim. We conclude that only a person who has been assigned responsibility for a child's care or custody by a court or public agency may be found to be "legally charged" with the child's care or custody. Therefore defendant's de facto parental relationship with the victim was insufficient to support his conviction for the first degree offense.
Defendant was indicted on three counts of aggravated sexual assault, in violation of N.J.S.A. 2C:14-2a; sexual assault, in violation of N.J.S.A. 2C:14-2b; first degree endangering the welfare of a child by the production of child pornography, in violation of N.J.S.A. 2C:24-4b(3); second degree endangering the welfare of a child by the production of child pornography, in violation of N.J.S.A. 2C:24-4b(4); second degree endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4a; and possession of child pornography, in violation of N.J.S.A. 2C:24-4b(5)(b).
Defendant entered into a plea bargain under which he agreed to plead guilty to one count of aggravated sexual assault and first degree endangering the welfare of a child by the production of pornography and the State agreed to dismiss the other charges. The plea bargain also provided that the State could seek consecutive sentences for the two first degree offenses for which defendant agreed to plead guilty.
*35 The trial court sentenced defendant in accordance with the plea bargain to a fifteen-year term of imprisonment, with seven and a half years of parole ineligibility, for aggravated sexual assault, and a consecutive ten-year term for first degree endangering the welfare of a child by the production of child pornography. The court also found that defendant was a repetitive and compulsive sex offender and directed that his sentence be completed at the Adult Diagnostic and Treatment Center.
We initially heard defendant's appeal on an excess sentence calendar. See R. 2:9-11. However, after hearing oral argument, we determined that defendant's argument that his relationship to the victim did not provide a factual basis for his plea to first degree endangering the welfare of a child by the production of pornography was sufficiently substantial to require briefing. Therefore, we transferred the appeal to a regular calendar.
The offense of endangering the welfare of a child by the production of pornography is proscribed by N.J.S.A. 2C:24-4b(3), which provides:
A person commits a crime of the second degree if he causes or permits a child to engage in a prohibited sexual act or in the simulation of such an act if the person knows, has reason to know or intends that the prohibited act may be photographed, filmed, reproduced, or reconstructed in any manner, including on the Internet, or may be part of an exhibition or performance. If the person is a parent, guardian or other person legally charged with the care or custody of the child, the person shall be guilty of a crime of the first degree.

(Emphasis added.)
It is undisputed that defendant was not the victim's "parent" or "guardian." The only question is whether he provided a factual basis for finding that he was "legally charged with [her] care or custody."
There is no case law interpreting the term, "person legally charged with the care or custody of [a] child," as used in N.J.S.A. 2C:24-4b(3), which elevates the form of endangering the welfare of a child proscribed by this subsection from a second to a first degree offense, and this term is not used in any other New Jersey statute. However, State v. Galloway, 133 N.J. 631, 657-62, 628 A.2d 735 (1993) sets forth the principles that guide our interpretation of this term.
Galloway involved the interpretation of N.J.S.A. 2C:24-4a, which, at the time of Galloway's offense, elevated the form of endangering the welfare of a child proscribed by that subsection from a fourth to a third degree offense if the perpetrator had "a legal duty for the care of [the] child or . . . [had] assumed responsibility for the care of [the] child[.]"[1] Galloway was a boyfriend of the victim's mother, who did not live with her but visited on a weekly basis, and was caring for the child at the time of the offense. Id. at 662, 628 A.2d 735. He obviously did not have "a legal duty for the care of the child[.]" The only question was whether the evidence could support a jury finding that he had "assumed responsibility for the care of the child[.]" The Court held that to support a conviction for the elevated third degree offense, the State had to show that the defendant "had assumed a caretaking function over the child on a continuing, regular or recurrent basis[,]" and that the State had not made this showing. Ibid. In giving N.J.S.A. 2C:24-4a this restrictive interpretation, the Court relied on the *36 principles that penal statutes should be "strictly" construed and that courts should "construe ambiguous language [in penal statutes] against the State." Id. at 658-59, 628 A.2d 735; see also State v. V.R., 387 N.J.Super. 342, 347, 903 A.2d 1116 (App.Div.), certif. denied, 189 N.J. 103, 912 A.2d 1263 (2006).
We conclude that these same principles preclude interpreting N.J.S.A. 2C:24-4b(3) to allow a conviction of a live-in boyfriend such as defendant, who does not have any legally assigned duty for the care of the victim, for the first degree offense. It is illuminating to compare the language of N.J.S.A. 2C:24-4a, which the Court interpreted in Galloway, with N.J.S.A. 2C:24-4b(3). Under N.J.S.A. 2C:24-4a, a defendant could be convicted of the elevated third degree offense if he either had a "legal duty" to care for the child or had "assumed responsibility" for the child's care. However, under N.J.S.A. 2C:24-4b(3), a defendant may be found guilty of the elevated first degree offense only if he is "legally charged" with the victim's care or custody. Thus, while either a de jure or de facto parental relationship with the victim will support a conviction for the elevated offense under N.J.S.A. 2C:24-4a, only a de jure parental relationship with the victim will support a conviction for the elevated offense under N.J.S.A. 2C:24-4b(3).
Our law recognizes that some persons who do not occupy the status of a parent or guardian may nevertheless be "legally charged" with a child's care or custody. For example, the Department of Children and Families is authorized to place a child under its care, custody or guardianship with a "resource family parent" for "care" of that child. N.J.S.A. 30:4C-26(a); N.J.S.A. 30:4C-26.4. We conclude that the term, "person legally charged with the care or custody of a child," as used in N.J.S.A. 2C:24-4b(3), must be strictly construed to apply only to a person who has been assigned responsibility for a child's care or custody by a court or public agency under N.J.S.A. 30:4C-26(a) and N.J.S.A. 30:4C-26.4 or other similar provision.
There is no evidence defendant was ever legally charged with the care or custody of his girlfriend's daughter. Indeed, in pleading guilty, defendant only indicated that he resided in the same household as the victim and the presentence report simply describes him as the live-in boyfriend of the victim's mother. Consequently, his conviction for the first degree offense proscribed by N.J.S.A. 2C:24-4b(3) cannot stand.
The only error in the plea and sentence was the parties' mutual misunderstanding that defendant was guilty of a first degree rather than a second degree violation of N.J.S.A. 2C:24-4b(3). Therefore, the parties' expectations in entering into the plea bargain may be honored by giving the State the option of accepting defendant's plea to the second degree offense and remanding to the trial court for resentencing. If the State rejects this option, defendant's plea and sentence must be vacated and the case remanded for renegotiation of the plea or trial. Accordingly, the case is remanded to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] This subsection was subsequently amended to make the more serious offense one of the second degree and the lesser offense one of the third degree. L. 1992, c. 6, § 1.