**Tammy L. GEPHART, Appellant,**

**v.**

**Timothy GEPHART, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 2000.

Filed Dec. 15, 2000.

Bret J. Southard, Williamsport, for appellant.

Janice R. Yaw, Williamsport, for appellee.

Before ORIE MELVIN, TODD, JJ., and CIRILLO, President Judge Emeritus.*

TODD, J.:

¶ 1 Tammy L. Gephart ("Wife") appeals from the order entered August 23, 1999 in the Domestic Relations Section of the Court of Common Pleas of Lycoming County setting the earning capacity of Timothy Gephart ("Husband") at $750 per month and his total net income at $1,892.91. For the reasons that follow, we vacate the order and remand for further proceedings.

¶ 2 This matter originated as a protection from abuse petition filed by Wife on April 1, 1999. An order was entered by the trial court granting protection from abuse and ordering Husband to pay $900 monthly for the support of Wife and three minor children. Wife subsequently filed a petition to reopen child and spousal support *pro se* and a hearing was conducted by family court Hearing Officer Jocelyn B. Hartley on June 8, 1999. Following the hearing, the hearing officer entered an order imputing a $750 per month earning

capacity to Husband. Both parties filed exceptions which were heard by the Honorable Dudley Anderson. On August 23, 1999, Judge Anderson entered an order modifying Husband's obligation to his family, but utilizing the previously-imputed $750 earning capacity to make the revised calculations.

¶ 3 Wife obtained counsel and timely appealed the trial court order, raising the following question for our review, which we have paraphrased: Whether the lower court's Order, which relied upon a $750 per month earning capacity imputed to Husband, should be vacated and the matter remanded to the trial court for a full evidentiary hearing regarding Husband's earning capacity, where insufficient evidence on this question was presented at the hearing of June 8, 1999 and the court failed to make sufficient independent inquiry into this issue?

¶ 4 Our standard of review of an order awarding support is very narrow. We can reverse a support order only if we find that the order cannot be sustained on any valid ground. *Albert v. Albert,* 707 A.2d 234, 235–36 (Pa.Super.1998) (citation omitted). The decision of the trial court will not be reversed absent an abuse of discretion or an error of law. *McAuliffe v. McAuliffe,* 418 Pa.Super. 39, 613 A.2d 20, 22 (1992). A finding that there has been an abuse of discretion "requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." *Simmons v. Simmons,* 723 A.2d 221, 222 (Pa.Super.1998). Nevertheless, where the record demonstrates that the lower court has failed to consider all factors relevant to an award of support, the Superior Court should remand for a full evidentiary hear-

---

* President Judge Emeritus Cirillo did not participate in the consideration or decision of this case.

ing. *Shank v. Shank,* 298 Pa.Super. 459, 444 A.2d 1274, 1277 (1982).

¶ 5 Appellant contends that the family court hearing officer, in evaluating monthly support to which Appellant would be entitled, imputed a monthly earning capacity of $750 to Appellee without sufficient inquiry into his background, training, work history, unemployment status and efforts to locate satisfactory employment. Appellant concedes that as a *pro se* litigant, unable to afford counsel to represent her interests and those of her children, she did not make these inquiries at the hearing or in exceptions filed to the hearing officer's recommendations.

¶ 6 Appellee argues that the earning capacity assigned by the hearing officer and relied upon by the trial court in its order was fair, that Appellant has waived her right to challenge the earning capacity assigned because she failed to raise the claim in her exceptions and that no special protection should be afforded to *pro se* litigants simply because they failed to seek counsel. (Appellee's Brief, at 7–8.) We disagree.

¶ 7 In *Strawn v. Strawn,* 444 Pa.Super. 390, 664 A.2d 129 (1995), a decision of this Court upon which Appellant properly relies, we held that a support master who assigned an earning capacity of $0 to Wife in a spousal support action that she had initiated had failed to inquire adequately into her earning potential and should have made inquiries at the hearing to make a proper assessment of her earning capacity in light of Husband's *pro se* status. *Id.* at 132. Specifically, we stated:

> We are not suggesting that the court act as counsel for defendants in support actions. However, it was an abuse of discretion for the lower court in this case to make an award of support in the absence of evidence related to appellee's earning capacity. The parties in domestic relations actions are frequently unable to afford counsel and, unlike defendants in criminal actions, defendants in domestic relations actions are not enti-

> tled to have counsel appointed for them. It was inappropriate in this case for the lower court to rely on the waiver doctrine to avoid a proper assessment of appellee's earning capacity.

*Id.* at 132–133 n. 1.

¶ 8 Spousal and child support are to be awarded pursuant to a statewide guideline established by general rule of the Pennsylvania Supreme Court. *See* Pa.R.C.P. 1910.16–1. The support guideline is to be "based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support." 23 Pa.C.S.A. § 4322(a). The rule further provides that:

> In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guideline shall place primary emphasis on the net incomes and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

*Id.*

¶ 9 A person's earning capacity is defined "not as an amount which the person could theoretically earn, but as that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." *Myers v. Myers,* 405 Pa.Super. 290, 592 A.2d 339, 343 (1991).

¶ 10 In the case before us, Appellant initiated the support action on behalf of herself and her three minor children following a temporary support order entered as the result of her filing of a protection from abuse petition against Appellee. Our review of the record reveals a contentious series of actions in which Appellee has attempted to avoid his support obligation to his family. The June 8, 1999 support hearing transcript reflects an absence of sufficient inquiry by any party, as well as

the hearing officer, into Appellee's earning capacity or prospects for gainful employment. We are concerned, particularly in cases such as this one, where the custodial parent of minor children cannot afford legal counsel, that the children's rights be adequately protected under the law. Accordingly, reliance by Appellee or the trial court on the waiver doctrine to avoid properly evaluating Appellee's earning capacity would be wholly inappropriate and unfair in this context.

¶ 11 In the instant case, in the absence of adequate questioning by Appellant, the hearing officer should have questioned Appellee regarding the relevant factors relating to his earning capacity. Because Appellant failed to develop the factors related to a fair determination of Appellee's true earning capacity, it was the hearing officer's duty to inquire into them in order to make a fair award.

¶ 12 As we have previously held in *Strawn, supra,* "where there is insufficient evidence to support the trial court's order, the judgment is manifestly unreasonable." *Id.* at 133 (citation omitted). Here, the evidence of record is not sufficient to support the trial court's determination of Appellee's earning capacity in the absence of the court's consideration of all of the factors relevant to that determination. Accordingly, we must vacate the trial court's order and remand for a full evidentiary hearing limited to Appellee's earning capacity. If the results of this hearing yield a different conclusion regarding Appellee's earning capacity, the trial court should modify the monthly support payments to Appellant accordingly.

¶ 13 Order vacated. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.