J. A20002/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLE MASTER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 3585 EDA 2013 |
| | : | |
| JEFFREY MASTER | : | |

Appeal from the Order Entered November 15, 2013,
in the Court of Common Pleas of Northhampton County
Domestic Relations Division at No. DR-0052413

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED NOVEMBER 17, 2014**

Nicole Master ("Mother") appeals from the child support order entered on November 15, 2013, in the Court of Common Pleas of Northampton County following a ***de novo*** hearing in this matter.  Upon review, we affirm in part, reverse in part, and remand.

The facts and procedural history of this appeal may be summarized as follows.  Mother and Jeffrey Master ("Father") were married on October 16, 1999.  Two children were born of the marriage.  At the time of this appeal, the children were 10 and 5 years old.  The parties separated on January 19, 2013.  Mother is a college graduate with a bachelor's degree in elementary education.  Mother is employed as a manager at a daycare center.  Father is a heavy equipment construction operator and is a union member.

Mother filed a complaint in support on April 26, 2013. At a conference on June 18, 2013, it was determined that Mother had an annual income of $17,472 which was based on her semi-monthly salary of $728. Father's annual income was based on an average monthly gross of $4,530 taken from his W2s and unemployment compensation on his 2012 federal income tax return. At the conclusion of the hearing on June 18th, an order was entered awarding Mother support payments in the amount of $1,754 per month. The monthly support was allocated $1,120 for two children, $342 for spousal support, and $292 for arrears. Mother filed objections to the June 18th order, and a **_de novo_** hearing was held on October 30, 2013. On November 15, 2013, an order was entered directing Father to pay support in the amount of $1,072 per month, allocated as $975 for the support of the two children and $97 per month in arrears, effective April 26, 2013.

The November 15, 2013 order assessed Father, as an experienced construction equipment operator, an annual income of $51,950. The trial court used the Pennsylvania Occupational Wage Survey to arrive at this figure. Mother was assessed an income of $43,500 based upon an earning capacity as an entry level elementary school teacher. The order also took into account Mother's child care expenses and included a ten percent upward deviation from the guideline award of $336 per month as Father was unable to document his purported living expenses.

Mother filed a timely notice of appeal on December 13, 2013, and complied with the trial court's order to file a statement of errors complained of on appeal. Mother raises two issues:

> A. DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION I[N] ASSESSING THE APPELLANT, THE SUPPORT OBLIGEE, WITH AN EARNING CAPACITY EQUIVALENT TO AN ENTRY LEVEL ELEMENTARY SCHOOL TEACHER?
>
> B. DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION IN ASSESSING THE APPELLEE, THE SUPPORT OBLIGOR, WITH AN EARNING CAPACITY FROM THE OCCUPATIONAL WAGE SURVEY AS OPPOSED TO USING THE APPELLEE'S ACTUAL WAGES?

Mother's brief at 5.

Our standard and scope of review for an order of child support is well established:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***Kimock v. Jones***, 47 A.3d 850, 854 (Pa.Super. 2012).

Both of Mother's issues challenge the trial court's determination of earning capacity for her and Father. "Child and spousal support 'shall be awarded pursuant to statewide guidelines.' In determining the ability of an obligor to provide support, the guidelines 'place primary emphasis on the net incomes and earning capacities of the parties[.]'" *Mackay v. Mackay*, 984 A.2d 529, 537 (Pa.Super. 2009), *appeal denied*, 995 A.2d 354 (Pa. 2010), citing 23 Pa.C.S.A. § 4322(a).

Pennsylvania Rule of Civil Procedure 1910.16-2(d)(4) addresses earning capacity as follows:

> *(4)* *Earning Capacity.* If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity. *Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity.* In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. 1910.16-2(d)(4) (emphasis added). We have defined earning capacity as "that amount which the person could realistically earn under the circumstances, considering his or her age, health, mental and physical condition and training." *Mackay*, 984 A.2d at 537, citing *Gephart v. Gephart*, 764 A.2d 613, 615 (Pa.Super. 2000). Additionally, we note that the trial court, as the finder-of-fact, is entitled to weigh the evidence and assess the credibility of witnesses. *Krankowski v. O'Neil*, 928 A.2d 284, 287 (Pa.Super. 2007)

In her first issue, Mother argues the trial court erred in assessing her an earning capacity equivalent to an entry level elementary school teacher. Our review of the record indicates the *de novo* hearing was held following Mother's objection to the June 18, 2013 order. After a continuance, the hearing was held on October 30, 2013. Father was the only person to testify. At the conclusion of Father's testimony, the trial court asked Father's counsel if he had anything he wanted to present. (Notes of testimony, 10/30/13 at 59.) He responded:

> [Father's counsel]: The only issue I would like to present, which I believe the record has already been made at the conference and is part of the order, and that is that we are going to assess [Father] something, which is what [Mother's counsel] wants to do, on a full-time basis, which I don't believe is at all realistic, given union employment.
>
> Then, [Mother] should as well be assessed at a much higher earning capacity, because she has a bachelor's degree in elementary education and she works at a daycare. And as she told the conference

> officer she has no intention of pursuing any type of teaching position.

*Id.* at 59-60. The trial court proceeded to enter its November 15, 2013 order based upon an earnings assessment of $43,500 per year[1] to Mother as an entry level elementary school teacher in Northampton County. The prior order of June 18, 2013, was based on Mother's salary of $17,472 per year which she earns as daycare manager.

Based on this record, we must conclude that it does not support the trial court's determination. It appears the trial court's main consideration was "that Mother was not earning income at the peak of her capacity." (Trial court opinion, 2/11/14 at 7.) There was no testimony presented regarding Mother's age or when she completed her education. There was no testimony regarding her work experience other than her current job as a daycare manager. While the trial court determined Mother could be employed as an entry level elementary school teacher, the record is bare as to whether Mother has the required teacher's certification for such employment. Also, there was no evidence presented regarding employment opportunities for elementary school teachers in the Northampton County area. Accordingly, we are constrained to vacate this portion of the trial court's order and remand. ***See Glover v. Severino***, 946 A.2d 710, 712

---

[1] The trial court used the Pennsylvania Occupational Wage Survey to arrive at this number.

(Pa.Super. 2008) ("An abuse of discretion exists if . . . there is insufficient evidence to sustain the order.").

Next, we address Mother's second issue in which she argues the trial court erred when it assessed Father an earning capacity of $51,950 per year. The June 18, 2013 order utilized a yearly income of $54,360 for Father. This figure was reached by using Father's 2012 income from the parties' 2012 federal income tax return. This income included employment income and unemployment compensation totaling $4,530 per month. ($54,360 = $4,530 x 12). The trial court used an annual income of $51,950 in the November 15, 2013 order. This figure was based on the Northampton County Occupational Wage Survey for an experienced construction equipment operator. Mother asserts an annual income of $87,360 ($42 per hour x 40 hours per week x 52 weeks per year) for Father was more realistic. The record, however, refutes Mother's assertion.

At the October 30, 2013 hearing, Father testified that for the past 14 years, he has been employed as a heavy equipment operator through a union hall in New Jersey. (Notes of testimony, 10/30/13 at 5, 21.) Father is not permitted to accept non-union employment. (*Id.* at 5.) As of June 18, 2013, Father testified he had only worked seven weeks for the entire year of 2013. (*Id.* at 10.) Father's employment is somewhat seasonal; he works less in the winter than he does when it is warmer. (*Id.* at 6.)

Father testified that he is able to operate excavators, bulldozers, backhoes, and front loaders. (*Id.* at 22.) There is a difference in pay rate depending on the type of equipment he operates. (*Id.* at 22-23.) The rate for operating an excavator is $42 per hour while the rate to run a bulldozer is $38. (*Id.* at 23.) Father testified he was exploring the possibility of transferring his union book from New Jersey to the Lehigh Valley in order to obtain a job with a local company, but he would be paid $10 less per hour. (*Id.* at 24.) However, Father indicated this local company could provide him with steady work through the winter. (*Id.* at 26.)

Clearly, the trial court found Father's testimony credible concerning his ability to find work. Father's employment depends on the construction industry and the need for equipment operators.[2] We find no error or abuse of discretion with the trial court's assessment of an earning capacity of $51,950 to Father. If Father obtains a new steady job in the Lehigh Valley in the future, Mother has the ability to file a petition for modification. However, at this time, there is nothing to indicate there is employment for Father for 52 weeks per year at $42 per hour.

Accordingly, that part of the trial court's order regarding Mother's earning capacity is reversed. The trial court should proceed to hear evidence regarding Mother's age, employment history, whether she has a

---

[2] To call Father's work "seasonal" is most likely incorrect. As Father testified, he is able to work in the winter.

teaching certification, and the availability of teaching jobs in Northampton County and decide whether an earning capacity should be assigned to Mother or whether her annual salary is the correct income for support purposes. That part of the trial court's order concerning Father's earning capacity is affirmed.

Order reversed in part, affirmed in part, and remanded for the taking of additional evidence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2014