J-A03025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LINDA W. TECCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY S. TECCE, JR. | : | No. 1705 EDA 2022 |

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2014-0091,
PACSES: 147115443

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED AUGUST 29, 2023**

Linda W. Tecce ("Wife") appeals from the order denying her exceptions to the amended support recommendation order, which the trial court deemed as final, insofar as it established the amount of Anthony S. Tecce, Jr.'s ("Husband") income available for support payments.  We affirm.

The relevant factual and procedural history underlying this appeal can be summarized as follows.  Husband and Wife were married in 1998 and have three children: Gianna (born in 2000); Jaclyn (born in 2002); and A.T. (born in 2013).  In 2015, the parties filed for divorce; however, no divorce decree has been entered in the matter, nor have all economic claims been resolved.

---

[*] Former Justice specially assigned to the Superior Court.

In 2018, Wife, who is disabled with multiple sclerosis, sought spousal and child support. At that time, Gianna was emancipated and attending college. The trial court judge, Honorable Emmanuel Bertin, determined that Husband, a general contractor, had an annual income of approximately $63,000. Since then, Husband, has been paying spousal support and child support to Wife. Because A.T. has resided with Wife, Husband pays Wife $877/month in child support for A.T. However, because Jaclyn has resided with Husband, he paid Wife only $302/month in child support for Jaclyn. In 2019, Wife filed a petition to modify the support order, claiming that Husband's income had increased beyond $63,000. Mindy Harris, Esquire, a hearing officer, conducted evidentiary hearings on Wife's petition in 2020 and 2021. In May 2021, Officer Harris prepared an order denying Wife's petition for modification. Wife filed exceptions to the May 2021 order challenging the amount of Husband's income.

The matter was transferred to Honorable Daniel Clifford, who remanded the matter back to Officer Harris after it was discovered that Husband's testimony was missing from the hearing transcript. In June 2021, Jaclyn became emancipated, and Wife filed an additional petition to modify the support order on this basis. The petitions were consolidated, and Officer Harris conducted an additional evidentiary hearing in August 2021. The matter was then transferred to Honorable Patricia Coonahan, who conducted a hearing on Wife's exceptions and thereafter determined that no ruling could

be made due to the lack of calculations and rationale by Officer Harris. Specifically, Judge Coonahan determined that Officer Harris made no factual findings as to the parties' respective incomes in her May 2021 order and provided no explanation as to how Wife failed to prove that Husband's income was greater than the amount set by the 2018 support order. Judge Coonahan remanded for the issuance of an amended support recommendation order. However, Officer Harris was no longer employed by the court. Accordingly, the matter was assigned to another hearing officer, Jennifer Hekking, Esquire.

Officer Hekking reviewed the court record and considered the evidence and testimony provided at the evidentiary hearings conducted by Officer Harris. On January 25, 2022, Officer Hekking issued an amended support recommendation order in which she credited the testimony provided by Husband and his accountant and determined that Wife failed to meet her burden of proving that there was a substantial and material change in circumstances pertaining to Husband's income. Wife filed exceptions pertaining to the amount of Husband's income, and Husband filed cross-exceptions. The trial court conducted a hearing in May 2022, to permit oral argument by the parties and thereafter entered an order on June 1, 2022, denying the exceptions and cross-exceptions, and deeming as final the amended support recommendation order of January 25, 2022. Wife timely appealed the order. Husband did not cross-appeal the denial of his exceptions. Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issues for our review:

1. Did the honorable trial court abuse its discretion and commit an error of law in denying [Wife's] exceptions to the findings of the hearing officer who filed the amended support order that there was no substantial change in [Husband's] income available for support to warrant modification of support for [Wife] and Child, which findings are contrary to the evidence and capriciously disregard competent evidence admitted into evidence by [Wife] without objection from [Husband].

2. Did the honorable [trial] court commit an error of law and abuse its discretion by disregarding or in failing to explain why documentary evidence, in the form of bank statements and checks, which was admitted into evidence without objection from [Husband], proves that [Husband] failed to reveal income of $92,065 is not a substantial change in income available for support.

3. Did the honorable trial court abuse its discretion and commit an error of law in adopting the following recommendations of the hearing officer which are erroneous, not supported by the record, contradicted by competent evidence, including documentary evidence and contrary to law.

4. Did the honorable trial court abuse its discretion and commit an error of law by determining that [Husband's] income available for support is $63,140. A review of the documentary evidence, including bank statements, quick book reports, expenses, and checks proves that [Husband's] 2019 income available for support is $185,205.

5. Did the honorable trial court abuse its discretion and commit an error of law in failing to grant [Wife's] request for retroactivity of the support order and for attorney's fees[.]

6. Did the honorable trial court abuse its discretion and commit an error of law in failing to grant [Wife's] request for temporary relief in that on June 9, 2021, Jaclyn who resided with [Husband] became emancipated. [Jaclyn] was not removed from the order and [Husband] continues to get a reduction in his support obligation, because [Husband] claimed to be unemployed. [Husband] later abandoned that claim and asserted that his income had not changed. The court will not remove Jaclyn from

- 4 -

the order using the current income while the exceptions are pending, and [Wife] continues to pay support for an emancipated child. Neither the exceptions nor this appeal involves the emancipated child.

Wife's Brief at 2-4 (unnecessary capitalization omitted).[1]

As Wife's first four issues are interrelated, we will address them together. In each of these issues, Wife challenges the amended support recommendation order. Our standard of review of an order awarding child support is very narrow. **See Gephart v. Gephart**, 764 A.2d 613, 614-15 (Pa. Super. 2000). We can reverse a support order only if we find that the order cannot be sustained on any valid ground. **Id**. The decision of the trial court will not be reversed absent an abuse of discretion or an error of law. **Id**. A finding that there has been an abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality. **Id**.

_____

[1] As indicated above, no divorce decree has been entered in the matter, nor have all economic claims been resolved. Accordingly, this Court entered a rule to show cause as to whether the June 1, 2022 order is final and appealable with respect to spousal support. **See Leister v. Leister**, 684 A.2d 192 (Pa. Super. 1996) (holding that spousal support claims are not appealable until all economic issues have been resolved and a final divorce decree has been entered). Wife filed a response acknowledging that the spousal support portion of the order is not final, and, hence, not appealable. Thus, although Wife purported to appeal the order as to both spousal and child support, we may only consider her issues to the extent that they implicate child support.

It is within the province of the trial court to weigh the evidence and decide credibility, and this Court will not reverse those determinations so long as they are supported by the evidence. **See Brubaker v. Brubaker**, 201 A.3d 180, 184-85 (Pa. Super. 2018); **see also Mackay v. Mackay**, 984 A.2d 529, 533 (Pa. Super. 2009) (holding that this Court is not free to usurp the trial court's duty as the finder of fact). Further, although a hearing officer's report and recommendation is only advisory, it must be given the fullest consideration, especially on the issue of the parties' credibility. **See id**.

Child support is awarded pursuant to a statewide guideline established by general rule by the Pennsylvania Supreme Court and is based upon the needs of the child and the ability of the obligor to provide support. **See** 23 Pa.C.S.A. § 4322(a). In calculating a support award, the guidelines consider several factors including a party's earnings and earning capacity. **See** Pa.R.Civ.P. 1910.16-2. When a payor spouse owns his own business, the calculation of income for child support purposes must reflect the actual available financial resources of the payor spouse. **See Fitzgerald v. Kempf**, 805 A.2d 529, 532 (Pa. Super. 2002). However, a court cannot attribute as income funds not actually available to, or received by, the party. **Id**.

When modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified order. **See McClain v. McClain**, 872 A.2d 856, 863 (Pa.

Super. 2005). The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions. *Id*.

In Wife's first four issues,[2] she argues the trial court erred and abused its discretion in determining that there was no material or substantial change in Husband's income for support purposes. Wife claims that Husband has at least $92,000 in unreported income, and that his true annual income exceeds $150,000. Wife asserts that Husband opened joint bank accounts for Gianna and Jaclyn and used those accounts to deposit large amounts of money ($175,000) purportedly earned from his business. Wife claims that Husband then transferred only portions of those deposits to his business bank account, resulting in $87,000 in business revenue that was never transferred to his business account or recorded as income. Wife also claims that Husband takes personal checks from clients and deposits a portion of the check in his business account, deposits another portion in his personal account, and takes the remainder of the check amount in cash. According to Wife, Husband is unable

_____

[2] We observe that Wife's discussion of her second issue relates a waiver analysis and does not address the merits of the second issue, as set forth in the statement of questions presented. *See* Pa.R.A.P. 2119(a) (providing that each issue raised in the statement of questions presented shall be separately set forth in the brief and shall be followed by a discussion and citation of pertinent authorities). Although we could find that Wife waived her second issue on this basis, we decline to do so.

to account for where the cash went, as it is not reflected on any ledger. Wife points out that Husband showed his accountant only the bank statements for his business account, which Wife claims show just a portion of his true earnings. Wife points out that the accountant acknowledged that he was unaware of the amounts Husband was depositing in his joint accounts with his daughters. Wife claims that Husband's increased income is supported by the fact that he increased the amount of his business insurance in 2019. Wife points out that Husband applied for an auto loan in 2019 in which he listed his income as $150,000. Wife also claims that Husband's basic expenditures (mortgage, utilities, food, gas, spousal and child support, *etc*.) far exceed $63,000. Wife points out that: Husband purchased an Audi worth $66,000; a Harley motorcycle; went on a vacation to Mexico with his girlfriend, her children, and Jaclyn and Gianna; bought an expensive coffee maker; hosts lavish parties; makes expensive personal purchases; and spends abundantly on himself. Wife also claims that Husband falsely indicated that he purchased appliances for his business, but Wife then saw the appliances in the marital home where Husband resides, as well as new kitchen cabinetry.[3]

_____

[3] The trial court determined that Wife's first four issues were waived. The court reasoned that all of Wife's issues pertaining to Husband's income are non-reviewable because they challenged the calculation of Husband's income for purposes of "support" and did not specify "child support." **See** Trial Court Opinion, 8/23/2022, at 7-8. Our review of the record discloses that Wife filed exceptions pertaining to the amount of Husband's income for purposes of "support," which could reasonably include both spousal and child support. *(Footnote Continued Next Page)*

Here, the amended support recommendation order prepared by Officer Hekking set forth her findings of fact based on the evidence and testimony provided by the parties. Specifically, Officer Hekking determined that Wife did not establish a material and substantial change in circumstances relating to Husband's income. *See* Amended Support Recommendation Order, 1/25/22, at 2. In arriving at her determination, Officer Hekking credited the testimony provided by Husband's accountant that Husband is "very unorganized in his business/record keeping," and that Husband's "gross 2019 income was $60,000 allowing for add-backs that, although deductions for IRS purposes, are not for child support purposes." *Id*. at 1. Officer Hekking also credited Husband's testimony that he made improvements to the marital home, in which he resides, by using cabinetry from another job that could not be returned by installing the cabinets himself to save on labor costs. *See id*. Officer Hekking also credited Husband's testimony that the large deposits and withdrawals that were made into and out of his joint account with Jaclyn were made "at a time when his personal bank account was frozen[,] and he was in the middle of an active job [and h]e did not want to risk a customer payment/deposit for materials *etc*. be frozen when he needed to start the job."

_____

*See* Wife's Support Exceptions, 2/10/22, at 1-6; *see also* Wife's Support Exceptions, 6/4/21, at 1-7. Accordingly, we conclude that, to the extent that Wife's first four issues present a challenge to the calculation of Husband's income for purposes of child support, they are not waived, and we will review the merits of those issues.

*Id*. at 2. Finally, Officer Hekking credited Husband's testimony that he receives financial assistance from his girlfriend and family members who help him with his mortgage payments, motorcycle loan, and vacations, and that he received an expensive coffee machine from a client who no longer had use for it. *See id*. at 1-2.

The trial court considered the parties' cross-exceptions to Officer Hekking's amended support recommendation order, along with their briefs, before it conducted a hearing on the cross-exceptions. At the hearing, counsel for each party presented oral arguments consistent with their respective positions. *See* N.T., 5/12/22, at 1-29. On June 1, 2022, the trial court entered an order denying both Wife's and Husband's exceptions. *See* Order, 6/1/22, at 1. The trial court also deemed as final the January 25, 2022 amended support recommendation order. *See* Docket, 6/1/22.

As explained above, this Court may only reverse a support order if the order cannot be sustained on any valid ground, and the trial court has committed an abuse of discretion or error of law. Based on our review, we discern no abuse of discretion or error of law by the trial court in denying Wife's exceptions and adopting as final the amended support recommendation order prepared by Officer Hekking. Wife essentially asks this Court to reweigh the evidence and reassess the credibility of Husband and his accountant. This we cannot do. It is not the role of this Court to reweigh the evidence or make credibility determinations. *See Brubaker*, 201 A.3d 184-85. As the trial

court, Officer Harris, and Officer Hekking credited the evidence and testimony presented by Husband and his accountant regarding Husband's income, we must accept those credibility determinations. *See id*.; *see also Mackay*, 984 A.2d at 533 (holding that this Court is not free to usurp the trial court's duty as the finder of fact, and that a hearing officer's report and recommendation must be given the fullest consideration, especially on the issue of the parties' credibility).

Moreover, Husband's accountant testified that Husband is a general contractor who does small construction projects and renovations. *See* N.T., 12/4/20, at 5. The accountant explained that Husband has no administrative staff and runs his business by himself, including making deposits, preparing invoices, and making payments. *See id*. The accountant testified that Husband is disorganized, and the accountant has to go through bank and credit card statements to determine costs of materials, goods, and other expenses. *Id*. at 6. The accountant explained that Husband had a much larger project than usual in 2019, which made his taxes more complex due to the need to use subcontractors and obtain their tax identification numbers and issue form 1099 payments to them. *Id*. at 7. The accountant testified that, because Husband did not obtain proper forms with tax identification information from some of the subcontractors, the accountant was unable to prepare 1099 forms for some of them. *Id*. at 7, 23-24. The accountant explained that Wife's calculations improperly counted as income certain

withdrawals that Husband made from his business account without recognizing that Husband put portions of those withdrawals back into his business account. *See id*. at 16-17. The accountant testified that Husband sometimes purchased construction materials with his personal funds, which constituted monies that Husband put into his business. *Id*. at 20-21. The accountant explained that 2020 was a very bad year for Husband, and that in addition to Husband having to file for unemployment benefits, he was getting a knee replacement and would not be working much. *Id*. at 65. Ultimately, the accountant testified that Husband's 2019 income for support purposes was between $55,000 and $60,000. *Id*. at 38.

Husband explained that friends, family, and his girlfriend helped him with his expenses in 2019 and especially in 2020. *See* N.T., 4/16/21, at 50, 54. Husband explained that, when the pandemic hit, he began receiving unemployment income, and used his unemployment income and stimulus check to pay expenses in 2020. *See id*. at 54. Husband explained that his trip to Mexico was a birthday gift for which he did not pay. *See id*. at 10, 11. Husband explained that he lied to the bank concerning his income when applying for an auto loan. *See* id. at 22. Husband explained that he uses unemployment income to pay his auto loan, and his girlfriend pays for his motorcycle loan. *See id*. at 14, 26, 58-59.

In sum, Husband and his accountant provided testimony and evidence indicating that his 2019 income was between $55,000 and $60,000. Thus, as

the record supports the trial court's determination that there has been no material and substantial change in Husband's income, Wife's first four issues merit no relief.

Wife's fifth issue, as set forth in her statement of questions presented, concerns the trial court's failure to grant her request for retroactivity of the support order and for attorney's fees. With respect to Wife's request for retroactivity, she does not explain when or how she requested retroactivity of any support order, or where such request may be found in the record. *See* Pa.R.A.P. 2119(c) (providing that "[i]f reference is made to . . . any matter appearing of record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears"). Moreover, as no modification has been made concerning the amount of child support Husband must pay to Wife, it is unclear as to what support order the trial court purportedly failed to apply retroactively.

With respect to attorneys' fees, Wife vaguely explains that, "at the April 16, 2021 re-open hearing[, she] submitted an attorney's affidavit and itemized bill for events that related to the petition to re[-]open and [her] subpoena to PNC. [Wife] requested $5,055.63." Wife's Brief at 47. However, Wife does not direct this Court to the place in the record where the subject

request for attorneys' fees may be found. *See* Pa.R.A.P. 2119(c).[4] Nor does Wife explain how that request is in any way related to the January 25, 2022 amended support recommendation order at issue in this litigation, which made no mention of, or finding related to, any request for attorneys' fees.[5]

Finally, Wife does not explain what relief she requests from this Court regarding attorneys' fees or retroactivity. Mere issue spotting without analysis or discussion of pertinent legal citation to support an assertion precludes our appellate review of a matter. *See Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa. Super. 2014); *see also Irwin Union Nat'l Bank and Trust Co. v. Famous and Famous and ATL Ventures*, 4 A.3d 1099, 1103 (Pa. Super. 2010) (holding that this Court will not act as counsel and will not develop arguments on behalf of an appellant). In short, Wife's fifth issue is woefully

---

[4] Our review of the April 16, 2021 hearing transcript does not reveal any oral request for attorneys' fees; however, appended to the transcript is an exhibit with an invoice for attorney's fees incurred in relation to the preparation of a petition to re-open support proceedings and a subpoena to PNC. *See* N.T., 4/16/21, at 5 and Exhibit P-16.

[5] Moreover, following the April 16, 2021 hearing, Officer Harris entered an order on May 20, 2021 denying Wife's petition to modify. Although Wife filed exceptions to that order, Wife did not file any exception pertaining to the denial of, or failure to rule upon, a request for attorneys' fees. *See* Wife's Support Exceptions, 6/4/21, at 1-7. Thus, if, in fact, Wife requested an award of attorneys' fees prior to or at the April 16, 2021 hearing, she waived any challenge to the denial of, or failure to rule upon, that request by failing to raise the issue in her exceptions to the May 20, 2021 order. *See* Pa.R.Civ.P. 1910.12(f) (providing that "[m]atters not covered by exceptions are deemed waived unless, prior to entry of the final order, leave is granted to file exceptions raising those matters").

undeveloped, and such lack of development impedes meaningful appellate review. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (holding that, where defects in a brief impede our ability to conduct meaningful appellate review, we may find the certain issue to be waived). Accordingly, we deem Wife's fifth issue waived.

In her sixth issue, Wife asserts that the trial court abused its discretion by failing to grant her temporary relief in the amount of child support she receives due to Jaclyn becoming emancipated. Initially, we must determine whether wife preserved the issue for our review. Generally, matters not raised in exceptions are waived unless, prior to entry of the final support order, leave is granted to file exceptions raising those matters. *See* Pa.R.Civ.P. 1910.12(f); *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

The trial court determined that the issue was waived because Wife did not raise any exception regarding Jaclyn's emancipation or the impact it had on Husband's child support obligation. *See* Trial Court Opinion, 8/23/22, at 7-8. Our review of the record discloses that Wife did not raise any exception regarding Jaclyn's emancipation or its impact on the amount of Husband's child support obligations. Accordingly, Wife failed to preserve her final issue for our review. *See* Pa.R.A.P. 302; Pa.R.Civ.P. 1910.12(f).

As none of Wife's issues merit relief, we affirm the trial court's order denying Wife's exceptions and deeming as final the amended support recommendation order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023